CLARK, TRUSTEE, *v.* THE STRICKLER BROS. CANNING CO.

*Mortgages — Corporations — After-acquired property — Liens — Subsequent mortgagees and lienholders — Notice.*

A mortgage executed by a corporation other than a railroad company, which purports to include all "after-acquired property" of the mortgagor, although duly recorded, is not a prior lien upon such after-acquired property as against subsequent mortgagees or lienholders who obtain their liens without actual notice of such "after-acquired" clause in the former mortgage.

(Decided July 30, 1919.)

APPEAL: Court of Appeals for Miami county.

*Messrs. E. H. & W. B. Turner,* for plaintiff.
*Messrs. E. H. & R. A. Kerr,* for defendant.

KUNKLE, J. The question presented for consideration in this case relates to the validity of the "after-acquired property" clause contained in the mortgage executed by The Strickler Bros. Canning Company to E. W. Clark, trustee, which mortgage was given to secure certain bonds of The Strickler Bros. Canning Company.

The mortgage definitely described certain real estate then owned by The Strickler Bros. Canning Company and also contained a clause to the effect that the mortgage should cover all "after-acquired" property of the said mortgagor.

After the execution of the mortgage, The Strickler Bros. Canning Company purchased from A. W. Timmer two additional lots in Tippecanoe City.

In brief, it appears that on May 11, 1915, The Strickler Bros. Canning Company executed and delivered to The Monroe Building & Loan Association a mortgage for $1,500 on these two lots, so purchased from A. W. Timmer, which mortgage was recorded in volume 103, page 365, of the mortgage records of Miami county; that on June 19, 1915, The Strickler Bros. Canning Company executed and delivered to A. W. Timmer a mortgage for $917.50 upon the two lots in question, which mortgage was recorded in volume 119, page 247, mortgage records of Miami county, Ohio; that the mortgage to A. W. Timmer was to secure the balance of the unpaid purchase money for the said two lots and that the money realized from the mortgage to the building and loan association was deposited by The Strickler Bros. Canning Company in a local bank and was by it checked out on the same day to Timmer Bros. for lumber furnished to secure a building on the lots so purchased from A. W. Timmer.

The evidence does not establish the fact that either the building and loan association, A. W. Timmer or Timmer Bros. had actual notice of the "after-acquired property" provision contained in

the mortgage previously given by The Strickler Bros. Canning Company to E. W. Clark, trustee.

E. W. Clark, trustee, claims a prior lien on the proceeds arising from the sale of the property acquired by The Strickler Bros. Canning Company from A. W. Timmer, namely: Lots Nos. 88 and 89. The building and loan company, A. W. Timmer and Timmer Bros. dispute the validity of such "after-acquired property" clause contained in the mortgage given to E. W. Clark, trustee, in so far as the same affects their liens.

Counsel for E. W. Clark, trustee, rely largely upon the case of *Reed et al.* v. *Ginsburg & Sons,* 64 Ohio St., 11, and particularly upon the following paragraph in the opinion of Judge Davis, at page 24:

"The argument that the mortgage on after-acquired property is operative only as a contract to mortgage and that a new mortgage must be executed in order to acquire a lien in behalf of the bondholders on that property, is untenable and hardly calls for analysis."

We think the decision in the case at bar must be governed by the registry statutes of Ohio, and by the decisions of our courts construing the same. In view of the existence of definite registry statutes in Ohio, some of the decisions quoted from other states would have no application.

The case of *Reed.* v. *Ginsburg & Sons, supra,* related to a railroad mortgage, given in pursuance of special statutory authority, and we think the language of Judge Davis as used in that decision should be limited to the particular case under consideration.

Our supreme court, in the case of *Coe* v. *Columbus, Piqua & Ind. Rd. Co.,* 10 Ohio St., 372, held both in the syllabus and in the opinion that a railroad mortgage containing a clause covering "after-acquired property" merely created an equity in the after-acquired personal property.

We think that the case of *Bloom et al.* v. *Noggle et al.,* 4 Ohio St., 46, holding that an informal or mere equitable mortgage is not good as against a subsequent legally executed and recorded mortgage, is applicable to the case at bar.

Whatever the rights of the mortgagee of a railroad company under a mortgage containing a clause in reference to "after-acquired property" may be, we think a mortgage other than one executed by a railroad company must comply with the registry act in order to enable the mortgagee to obtain priority over subsequent innocent holders of valid legal mortgages or liens.

In our opinion, this conclusion must be reached, under our registry statutes, otherwise the clear purpose and intent of such statutes would be greatly weakened or entirely destroyed.

We think the legislature, in view of the peculiar nature of railroad property and the public interests to be subserved, intended by the enactment of the special railroad statutes to confer authority upon railroads to mortgage their property as an entirety and thereby to include after-acquired property.

We are impressed with the reasoning and logic found in the decision of the case of *Maher, Trustee,* v. *Smead Heating & Ventilating Co.,* 11 C. C., 381. While this decision was rendered before the decision in the case of *Reed* v. *Ginsburg,* yet we

think the distinction as to after-acquired property between mortgages given by railroad companies and those given by other persons or corporations is well stated by Judge King in his decision in this case.

*Decree accordingly.*

ALLREAD, P. J., and FERNEDING, J., concur.